UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE HERNANDEZ GARIBAY, JR. | ) | 1:08-cv-00676-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS WITH PREJUDICE |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK TO ENTER |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | JUDGMENT |
| | ) | |
| | ) | ORDER DECLINING TO ISSUE |
| Respondents. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |

Petitioner Jesse Hernandez Garibay, Jr. ("Petitioner") is a state prisoner *pro se* proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

On March 3, 2006, Petitioner pled guilty to three felony counts of attempted robbery and one felony count of participation in a criminal street gang. (Lod. Doc. 6). The trial court imposed a sentence of twelve years. (Id.)

Petitioner filed an appeal of his sentence with the California Court of Appeal on May 30, 2006. (Lod. Doc. 1). The California Court of Appeal affirmed Petitioner's sentence in a reasoned decision issued on February 14, 2007. (Lod. Doc. 6).

Petitioner filed a petition for review before the California Supreme Court, which was denied on April 18, 2007. (Lod. Doc. 10).

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of Califonia on May 2, 2008. Respondent filed an answer to the Petition on October 20, 2008.

**Consent to Magistrate Jurisdiction**

On May 19, 2008, Petitioner consented to have a United States Magistrate Judge conduct all proceedings in this case, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 7). Respondent consented to Magistrate jurisdiction on July 28, 2008. (Doc. 11).

**Factual Background**

Petitioner contends that the trial court erred in imposing a twelve-year sentence. The California Court of Appeal's opinion affirming Petitioner's sentence sets forth the relevant facts:

> On March 3, 2006, appellant, Jesse Hernandez Garibay, Jr., entered pleas of no contest to three felony counts of attempted robbery (Pen. Code, §§ 664 & 211, counts one, two & three) and one felony count of participation in a criminal street gang (Pen. Code, § 186.22, subd. (a), count four). 1 Appellant admitted using a firearm ( § 12022.53, subd. (e)(1)) and acting for the benefit of a criminal street gang ( § 186.22, subd. (b)(1)) during the commission of counts one, two and three. Prior to taking appellant's plea, the trial court noted that the indicated sentence would be between 12 and 17 years in prison....
>
> The trial court sentenced appellant to the two-year midterm on each count, but made appellant's sentences on counts two, three, and four concurrent to his sentence on count one. The court imposed the 10-year gun enhancement alleged on count one. The court imposed 10-year terms on the gun enhancements on counts two and three, but ordered these to be served concurrently. The court stayed the gang enhancements on counts one, two, and three. Appellant's total prison term is 12 years. The court awarded applicable custody credits and imposed a restitution fine.
>
> Appellant contends the section 12022.53, subdivision (e)(1) gun use enhancement is not predicated on his personal use of the gun, but his participation in a criminal street gang in which a gun was used. Because he was sentenced on both this enhancement and count four (participation in a criminal street gang), appellant argues that the trial court violated section 654 in sentencing him to both allegations.

(Lod. Doc. 6).

**Discussion**

**I.     Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or

1  laws or treaties of the United States.  28 U.S.C. § 2254(a);[1] 28 U.S.C. § 2241(c)(3); <u>Williams v.</u>
2  <u>Taylor</u>, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial
3  district where the prisoner was sentenced.  <u>See</u> 28 U.S.C. § 2241(d).

4        Petitioner asserts that he is currently incarcerated in violation of his rights under the United
5  States Constitution.  Petitioner was sentenced in Stanislaus County, California.  As Stanislaus
6  County is within the Eastern District of California, the Court has jurisdiction over the instant petition
7  and venue is proper in the Eastern District.  28 U.S.C. § 84; 28 U.S.C. § 2241(c)(3).

8  **II.    Standard of Review**

9        Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody
10 pursuant to a state court judgment, even when the petitioner is not challenging his underlying state
11 court conviction."  <u>Sass v. California Board of Prison Terms</u>, 461 F.3d 1123, 1126 (9th Cir. 2006)
12 (quoting <u>White v. Lambert</u>, 370 F.3d 1002, 1009-10 (9th Cir. 2004)).  Under section 2254, a petition
13 for habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas
14 petition "was contrary to, or involved an unreasonable application of, clearly established Federal law,
15 as determined by the Supreme Court of the United States," or  "was based on an unreasonable
16 determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.
17 § 2254(d).  "A federal habeas court may not issue the writ simply because that court concludes in its
18 independent judgment that the relevant state-court decision applied clearly established federal law
19 erroneously or incorrectly...rather, that application must be objectively unreasonable." <u>Lockyer v.</u>
20 <u>Andrade</u>, 538 U.S. 63, 75 (2003) (citations omitted).

21 ///
22 ///
23 ///

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting <u>Drinkard v. Johnson</u>, 97 F.3d 751, 769 (5th Cir.1996), <u>cert. denied</u>, 520 U.S. 1107, 117 S.Ct. 1114 (1997), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### III. Discussion

Initially, the Court notes that Petitioner's claim for relief may not be cognizable in a federal habeas action. Petitioner contends that "review is essential because the [Court] of Appeal misconstrued the holding of People v. Shelton [37 Cal.4th 759 (Cal. 2006)]." (Pet. at 4). Federal habeas courts are bound by a state's interpretation of its own laws, e.g., Horton v. Mayle, 408 F.3d 570, 576 (9th Cir. 2005), and alleged errors of state law are not cognizable in a federal habeas action unless the error implicates a constitutional right, see Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993) (state sentencing error cognizable in habeas action to the extent error implicated prisoner's right to due process) cert. denied, 513 U.S. 914 (1994). Petitioner's allegations are unclear, and the petition is devoid of any mention of Petitioner's federal constitutional rights. Nevertheless, as Petitioner is proceeding *pro se*, the Court construes Petitioner's sentencing error claim as a due process challenge to the twelve-year sentence imposed by the trial court. See Fetterly, 997 F.3d at 1300 (noting possibility of due process violation where state's failure to follow its own sentencing guidelines infringes on protected liberty interest of a convicted person).

### A. Procedural Bar

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state procedural bar is "independent" if the state court explicitly invokes the state procedural rule as a separate state-law basis for its decision; a state court's decision is not independent if the application of a state's default rule depends on a consideration of federal law. Vang v. Nevada, 329 F.3d 1069, 1074-75 (9th Cir. 2003) (citations omitted). In order for a state procedural rule to be "adequate" to support the judgment, "the state's legal grounds for its decision must be firmly established and consistently applied." King v. LaMarque, 464 F.3d 963, 965 (9th Cir. 2006). Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quotation omitted).

The California Court of Appeal clearly and expressly held that it could not grant Petitioner relief due to Petitioner's failure to obtain a certificate of probable cause as required by California Penal Code section 1237.5. The Court of Appeals stated: "Appellant's failure to procure a certificate of probable cause is fatal to appellate review of this issue on the merits." (Lod. Doc. 6 at 3). California Penal Code section 1237.5 provides:

> No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:
> (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.
> (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.

Cal. Pen. Code § 1237.5 (Deering's 2009).   California Penal Code section 1237.5 does not depend on application of any federal law and is thus independent for purpose of procedural default analysis. See Vang, 329 F.3d at 1075. Section 1237.5 is also adequate for the purposes of imposing a procedural bar, as it is firmly established by statute and applied consistently by California's appellate courts. See, e.g., People v. Panizzon, 12 Cal.4th 68, 79 (Cal. 1996) (Cal. Penal Code § 1237.5 does not allow the reviewing court to hear the merits of issues going to the validity of the plea unless the defendant obtains a certificate of probable cause, or seeks and obtains relief from default in the reviewing court); People v. Cuevas, 44 Cal. 4th 374, 385 (Cal. 2008) (same); People v. Shelton, 37 Cal.4th 759, 766 (Cal. 2006)  (same)[2] ; see also Bjorstrom v. Gonzalez, 2009 U.S. Dist. LEXIS 37855 *3 (S.D. Cal. 2007) (holding that claim was procedurally barred due to petitioner's failure to obtain certificate of probable cause and state court's rejection of claim on that basis).

---

[2] Petitioner attempts to distinguish Shelton on the basis that his challenge to his sentence is not a challenge to the validity of the underlying plea agreement.  Petitioner cites People v. Buttram, 30 Cal.4 th 773 (2003) in support of his contention that he was not required to obtain a certificate of probable cause. The California Court of Appeal rejected Petitioner's contention, explaining that Petitioner's argument was an attack on the plea bargain itself because the trial court could not have sentenced Petitioner to less than twelve years without violating the terms of the plea agreement: "The court could not have exercised its sentencing discretion within the terms of the plea agreement, without violating the agreement itself, to give the appellant a lower sentence than he received." (Lod. Doc. 6 at 4).  The Court may not disturb the California Court of Appeal's determination that, under California law, Petitioner's challenge to his sentence necessarily entails a challenge to the validity of his plea agreement. See, e.g., Horton, 408 F.3d at 576.

Because the California Court of Appeal's rejection of Petitioner's claim of sentencing error rests on an independent and adequate state procedural rule, Petitioner's claim is subject to a procedural bar.

**B. Cause and Prejudice**

A petitioner may overcome a procedural bar by making an adequate showing of cause and prejudice for his failure to exhaust his state court remedies, or by establishing actual innocence. E.g., Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2005). Petitioner has failed to establish cause for his failure to obtain a certificate of probable cause in his state court proceedings. Further, Petitioner cannot demonstrate prejudice, as the sentence he received was the minimum sentence permissible under the terms of his plea agreement. (Lod. Doc. 6 at 5). Petitioner's claim does not implicate the actual innocence exception to the procedural default rule, as Petitioner does not challenge his underlying conviction and does not assert that he is innocent. Accordingly, Petitioner may not overcome the procedural bar, and the Court may not grant Petitioner relief.

**IV.    Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   June 25, 2009**                    /s/ John M. Dixon
                                              UNITED STATES MAGISTRATE JUDGE